IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
04 FEB 27 PM 3:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| VONCILE PRITCHETT, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | CASE NO. |
| | ) | |
| v. | ) | |
| | ) | CV-02-CO-2670-S |
| VALLEY RIDGE APARTMENTS and | ) | |
| HARBOR GROUP MANAGEMENT | ) | |
| COMPANY, | ) | |
| | ) | |
| Counter-Defendants. | ) | |

## PLAINTIFF/COUNTER-DEFENDANTS' RESPONSE TO DEFENDANT/COUNTER-PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

COME NOW the plaintiffs/counter-defendants, Valley Ridge Apartments and Harbor Group Management Company ("Valley Ridge defendants"), and respond to Defendant/Counter-Plaintiff's ("Pritchett") Opposition to Plaintiffs/Counter-Defendants' Motion for Final Summary Judgment as follows:

### Legal Analysis

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact and that the moving party is entitled to a judgment as a matter of law. FRCP 56(c); *Calero-Cerezo v.*

*United States Department of Justice*, 355 F.3d 6 (1st Cir. 2004). A "genuine" issue is one that could be resolved in favor of either party, and a "material fact" is one that has the potential of affecting the outcome of the case. *Id*. at 19. Once the moving party has asserted no genuine issue of material fact exists, the burden is on the opposing party to point to specific facts demonstrating that there is, indeed, a trial-worthy issue. *Id*.

> Not every genuine factual conflict, of course, necessitates trial. It is only when a disputed fact has the potential to change the outcome of the suit under the governing law if found favorably to the non-movant that the materiality hurdle is cleared. *Id*. citing *Parrilla-Burgos v. Hernandez-Rivera*, 108 F.3d 445, 448 (1st Cir. 1997).

To survive summary judgment, Pritchett must produce substantial evidence that she can meet the elements of her claim.

> To make out a claim of discrimination based on failure to reasonably accommodate, a plaintiff must demonstrate that (1) he suffers from a handicap as defined by the FHAA; (2) defendants knew or reasonably should have known of the plaintiff's handicap; (3) accommodation of the handicap "may be necessary" to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants <u>refused</u> to make such accommodation.

*Giebeler v. M&B Associates*, 343 F.3d 1143 (9th Cir. 2003) (emphasis added).

2

Thus, Pritchett must use substantial evidence that the Valley Ridge defendants "refused" to make reasonable accommodations with regard to a handicapped parking space.

The issue of whether Valley Ridge "refused" to provide reasonable accommodations for Ms. Pritchett requires an interpretation of the term "refused" as used in the Fair Housing Act. In order to construe the meaning of statutory terms, such as "refused", the Court must begin with an analysis of the language of the statute itself. *Information Technology and Applications Corp. v. United States*, 316 F.3d 1312 (C.A. Fed. 2003).

> If the statutory language is plain and unambiguous, then it controls, and [the Court] may not look . . . for further guidance. *Id.* at 1320.

If the pertinent statute does not define the term at issue ("refused"), the Court must assume that the term has its ordinary established meaning, for which the Court may consult dictionaries. *Id.*

The Fair Housing Act does not define the word "refuse" or "refused". Thus, the Court must look to its ordinary, established meaning. "Refuse" is defined as:

> To deny, decline, reject. "Fail" is distinguished from "refuse" in that "refuse" involves an act of the will,

3

> while "fail" may be an act of inevitable necessity. *Maestas v. American Metal Co. v. New Mexico*, 37 N.M. 203, 20 P.2d 924, 928.

*Black's Law Dictionary*, 1282 (6th ed. 1990).

By definition, to "refuse", requires some act of will on the part of the actor. In other words, mere failure to do something does not rise to the requisite level of conduct to be considered a "refusal".

### The Valley Ridge Defendants Did Not "Refuse" To Provide Ms. Pritchett With Reasonable Accommodations.

To survive summary judgment, Voncile Pritchett must produce substantial evidence that the Valley Ridge defendants "refused" to provide reasonable accommodations for Ms. Pritchett's handicap. Pritchett's entire opposition submission addresses whether the parking space ultimately provided by Valley Ridge constituted a "reasonable accommodation". However, on page 8 of the opposition brief, Pritchett asserts without legal support that "Valley Ridge's failure to timely provide a handicapped parking space for Pritchett constitutes a refusal and violates the FHA. Thus, Pritchett has admitted that a handicapped parking space was ultimately provided. More importantly, Pritchett provided no legal support for her position that a mere failure to timely provide a handicap parking space constituted a "refusal" under the Act.

4

The fact is, the mere failure to immediately provide a handicapped space in front of Pritchett's building does not rise to the level of a "refusal". To "refuse" is distinguished from mere failure. *Black's Law Dictionary*, 1282 (6th ed. 1990). Valley Ridge did no such thing.

The undisputed evidence is that after Pritchett produced proof of her handicap, a work order was instituted to provide a handicap parking space directly in front of Pritchett's building. Pritchett herself admitted that, after providing Valley Ridge with her handicapped placard, she did not notify anyone at Valley Ridge that the space had not been provided until over two months later, and after she had her "near fall".

The undisputed evidence is that Valley Ridge was completely willing to provide Ms. Pritchett with a handicapped space. Thus, there can be no violation of the Fair Housing Act, as plaintiff cannot prove one of the elements of her claim.

On page 9 of Pritchett's brief, she argues that Valley Ridge's efforts were "lackluster". That very statement is confirmation that Valley Ridge did not "refuse" to provide a handicapped parking space for Ms. Pritchett. Pritchett argues on page 10 that Valley Ridge did not follow up "to ensure that it fulfilled

its duty to reasonably accommodate Ms. Pritchett". This is an argument based on a "negligence" standard. Assuming, *arguendo*, Valley Ridge breached some duty by not following up on the work order that was instituted in April, 2002, two months prior to Pritchett's near fall, plaintiff still falls short of meeting the requisite elements in its claim of a violation of the Fair Housing Act.

## CONCLUSION

Pritchett cannot produce substantial evidence that Valley Ridge refused to provide reasonable accommodations with respect to the handicapped parking space. Thus, Valley Ridge's Motion for Final Summary Judgment is due to be granted.

_____
Philip R. Collins
Attorney for the Counter-Defendants
Valley Ridge Apartments and
Harbor Group Management Company

OF COUNSEL:

HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South
Suite 200
Birmingham, Alabama 35223-2484
Telephone: (205) 251-1193

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on all attorneys of record by facsimile @ 251.0336 and by placing a copy of same in the United States Mail, postage paid on this the 26th day of February, 2004, to:

Roderick Walls, Esq.
Walls & Cooper, LLC
2122 First Avenue North
Birmingham, Alabama 35203-4101

_____
OF COUNSEL

H0812475.WPD