FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

04 JUN -3 AM 8: 33

U.S. DISTRICT COURT
N.D. OF ALABAMA

VALLEY RIDGE APARTMENTS,　　　　]
　　　　　　　　　　　　　　　　　]
　　　Plaintiff(s),　　　　　　　]
　　　　　　　　　　　　　　　　　]
　vs.　　　　　　　　　　　　　 ] CV-02-CO-02670-S
　　　　　　　　　　　　　　　　　]
VONCILE L. PRITCHETT,　　　　　 ]
　　　　　　　　　　　　　　　　　]
　　　Defendant(s).　　　　　　　]

**ENTERED**

JUN - 3 2004

## MEMORANDUM OF OPINION

## I.　INTRODUCTION.

The plaintiff/counter-defendant, Valley Ridge Apartments and Harbor

Group Management Company (collectively, "Valley Ridge"), filed suit against

Voncile Pritchett ("Pritchett") in Jefferson County District Court on June 18,

2002, seeking eviction and unpaid rent and costs.  The state district court

ruled in favor of Valley Ridge, awarding it unpaid rent plus costs in the

amount of $1,830.88, and possession of Pritchett's apartment.  Pritchett

appealed the ruling to the Jefferson County Circuit Court and

counterclaimed for violation of the Fair Housing Act, 42 U.S.C. § 3601, *et*

54

*seq.*, and negligence relating to Valley Ridge's alleged failure to provide

Pritchett with a handicapped parking space near her apartment building.

Valley Ridge removed the action based on federal question jurisdiction.

[Notice of Removal, Doc. # 1.]

Presently before the court is a motion for summary judgment, filed by

the counter-defendant, Valley Ridge, on November 26, 2003, alleging that

it reasonably accommodated Pritchett and thus, did not violate the FHA.

[Doc. # 36.]  The issues raised in the motion for summary judgment have

been fully briefed by both parties and are now ripe for decision.  Upon due

consideration, and for the reasons set out below, the court is of the opinion

that the motion is due to be denied.

II.   FACTS.[1]

Pritchett suffers from spinal stenosis, degenerative disc disease, and

herniated and bulging discs, the symptoms of which include severe back pain

---

[1]The facts set out below are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the court's own examination of the evidentiary record.  All reasonable doubts about the facts have been resolved in favor of the nonmoving party.  *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002).  These are the "facts" for summary judgment purposes only.  They may not be the actual facts.  *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

and weakness in the extremities. [Pritchett Dep. at 193-95; Def.'s Ex. 39.]

Pritchett moved to Birmingham in February 2002 and entered into a six-

month lease with Valley Ridge.

On March 7, 2002, Pritchett presented her handicapped parking decal

to Valley Ridge so that a handicapped parking space could be designated

close to her apartment.[2] [Pritchett Dep. at 56; Def.'s Ex. 8.]   Valley Ridge

contends that it immediately completed a work order for a space to be

designated as handicapped near Pritchett's apartment.  [Argo. Dep. at 68;

Def.'s Ex. 9.]  However, without Valley Ridge's knowledge, the work order

was retrieved by a paint subcontractor instead of Valley Ridge maintenance

workers; the paint subcontractor repainted an existing handicapped parking

space instead of a new one for Pritchett's use.  [Argo. Dep. at 68; Def.'s Ex.

9.]  On May 25, 2002, on the front steps that led to her apartment, Pritchett

fell and sustained injuries.  [Pritchett Dep. at 132-33; Def.'s Ex. 8.]

---

[2]Pritchett testified that she showed the decal to Valley Ridge on March 7, 2002. Valley Ridge states Pritchett presented the decal to it on April 4, 2002.  In any event, it appears that Valley Ridge saw the decal before Pritchett's fall on May 25, 2002. Therefore, the date Valley Ridge saw Pritchett's handicapped parking decal is not material to the present discussion.

In June 2002, Pritchett notified Valley Ridge that a handicapped parking space had not been designated near her apartment and that, as a result, she had fallen and injured herself. [Pritchett Dep. at 161-62; Def.'s Ex. 8.]   Pritchett also informed Valley Ridge that she was not going to pay rent until a parking space was designated for her.   [Pritchett Dep. at 161-62; Def.'s Ex. 8.]   Beginning June 2002, Pritchett refused to pay rent. [Pritchett Dep. at 36-37; Def.'s Ex. 8.]   Pritchett moved out of the Valley Ridge apartment on August 23, 2002. [Def.'s Ex. 6.]

III.   STANDARD.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting

Page 4 of  9

evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV.   DISCUSSION.

A.   Pritchett's FHA Claim.

Pritchett asserts that Valley Ridge violated the Fair Housing Act

("FHA"), 42 U.S.C. § 3601, *et seq.*, by not providing her with handicapped

parking near her apartment.  Under the FHA, it is unlawful:

> (2)   To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, because of a handicap of —
> (A)   that person[.]
>
> (3)   For purposes of this subsection, discrimination includes —
> (B)   a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling[.]

42 U.S.C. § 3604(f).

Title 24 C.F.R. § 100.204(a) (2004) states:

> It shall be unlawful for any person to refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a handicapped person equal opportunity to use and enjoy a dwelling unit, including public and common use areas.

Valley Ridge claims that it did not refuse to reasonably accommodate

Pritchett because, after seeing her handicapped decal, it immediately

Page 6 of 9

issued a work order for a parking space near Pritchett's apartment to be designated as handicapped. However, it is undisputed that the space was never so designated.

Pritchett argues that, although Valley Ridge issued a work order for the space, it failed to ensure that the space was in fact designated. Indeed, Valley Ridge did not know that the space had not been designated until after Pritchett notified it of her fall.

Whether Valley Ridge's actions fell short of a reasonable accommodation and thus deprived Pritchett of an equal opportunity to use and enjoy her dwelling is a question of fact that cannot be resolved on a motion for summary judgment. Therefore, summary judgment will be denied and the issue will be reserved for trial.

B.    Pritchett's Negligence Claim.

Pritchett argues that Valley Ridge violated the FHA by failing to reasonably accommodate her and, as such, Valley Ridge has been negligent per se. To establish negligence per se, Pritchett must prove: (1) that the statute Valley Ridge is charged with violating was enacted to protect a class of persons to which she belonged; (2) that her injury was the kind of injury

contemplated by the statute; (3) that Valley Ridge violated the statute; and (4) that Valley Ridge's violation of the statute proximately caused Pritchett's injury. *See Fox v. Bartholf*, 374 So. 2d 294, 295-96 (Ala. 1979). The FHA makes it unlawful to discriminate against any person regarding housing because of a handicap.  It is undisputed that Pritchett is handicapped.  Therefore, as a matter of law, Pritchett belongs to the class of individuals that the FHA was enacted to protect.

Further, the FHA provides for reasonable accommodations which are necessary for a handicapped person to have an equal opportunity to use and enjoy her home.  It is not disputed that a reasonable accommodation was necessary in order for Pritchett to have the same opportunity as non-handicapped individuals in getting to and from her apartment.  Pritchett alleges that she fell and sustained injuries because a reasonable accommodation was not made for her.  Therefore, the injury sustained by Pritchett is one contemplated by the FHA.

As stated earlier in this opinion, whether Valley Ridge violated the FHA is a question of fact for a jury to decide.  Therefore, the last two elements of negligence per se — whether Valley Ridge violated the FHA and, if so,

whether the violation proximately caused Pritchett's injury — are questions of fact that this court cannot resolve on a motion for summary judgment. Therefore, summary judgment will be denied as to Pritchett's negligence claim.

V.    CONCLUSION.

In sum, the court is of the opinion that the motion for summary judgment is due to be denied in all respects.  The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this ___ of June, 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE